IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Brandy S. Cousar, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:16-865-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| M&R Carriers 1, Inc. and Daniel K. Karanja, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants M&R Carriers 1, Inc. ("M&R") and Daniel K. Karanja's ("Karanja") motion to set aside entry of default. For the reasons below, the court grants the Defendants' motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a motor vehicle accident that occurred in Greenville County, South Carolina, on or about May 29, 2015. (Compl. ¶¶ 2, 4, ECF No. 1.) Plaintiff Brandy S. Cousar ("Cousar") filed this action on March 17, 2016, alleging claims of personal injury and negligence against Karanja and claims against M&R under theories of *respondeat superior* and negligent hiring, training, supervision, entrustment, and retention of Karanja. (Id., generally, ECF No. 1.) Cousar allegedly served the summons and complaint on M&R on March 22, 2016, and on Karanja on March 25, 2016. After the Defendants' failure to respond within the deadline for filing an answer or response to the complaint, Cousar requested entry of default by the Clerk of Court against the Defendants on April 19, 2016. (Pl. Mot. Entry of Default, ECF No. 7.)

1

According to the Defendants, Karanja, a Georgia resident, never received the summons and complaint, because it was improperly mailed to his Georgia address. (Def. Mot. Set Aside Ex. 1 (Karanja Aff. ¶¶ 2-7), ECF No. 12-2.) Further, M&R, a Texas entity, claims it never received the summons and complaint, because it was served on an agent it did not know was acting on its behalf and was subsequently provided to a building receptionist not employed by M&R who did not deliver the documents to M&R. (Def. Mot. Set Aside Ex. 1 (Nyarusa Aff. ¶¶ 4-8), ECF No. 12-3.) Upon learning of this action through M&R's insurance company, the Defendants immediately retained legal counsel and filed an answer on April 19, 2016. (Def. Mem. Supp. Mot. Set Aside 3, ECF No. 12-2; Ans., ECF No. 8.) However, Cousar's motion for entry of default was submitted earlier in the day on April 19, 2016, and therefore the Clerk of Court entered default the following day on April 20, 2016. The Defendants filed the instant motion to set aside entry of default on May 6, 2016. (Def. Mot. Set Aside, ECF No. 12.) Cousar responded on May 23, 2016. (Pl. Resp. Opp'n Mot. Set Aside, ECF No. 13.) This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

The Defendants move for relief from entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Rule 55(c) states, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Traditionally, . . . relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the

2

jury to find for the defaulting party." Id.  Other factors to consider include "the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

The Defendants urge the court to set aside entry of default.  Based on the facts and factors set forth above, the court finds that the Defendants have demonstrated good cause.  First, the Defendants have established the existence of a meritorious defense.  The Defendants argue that there is a real controversy as to who is ultimately at fault for the motor vehicle accident, and have proffered an affidavit by Karanja that conflicts with evidence presented by Cousar.  Further, the Defendants raise questions of law, such as whether the affirmative defenses for comparative negligence and sudden emergency/unavoidable accident are applicable in this case.  Thus, the court finds this factor favors the Defendants.  Moradi, 673 F.2d at 727 ("[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party.")

Second, there is no evidence of previous dilatory action by the Defendants, absent failing to answer Cousar's summons and complaint.  To the contrary, the Defendants acted promptly once they discovered a suit had been filed.  Surf's Up, LLC v. Rahim, No. 4:14-cv-04706-BHH, 2016 WL 1089393, at *1 (D.S.C. Mar. 21, 2016) (unpublished) (finding that since the defendants acted with promptness once they discovered the error in communication, this factor favored setting aside entry of default).  Third, there are far less drastic sanctions available.  See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 418 (4th Cir. 2010)

(suggesting that a motion for an award of attorney's fees and costs to a plaintiff in opposing the motion to set aside an entry of default or default judgment could be appropriate). Fourth, there is no evidence that Cousar will be prejudiced if the entry of default is set aside. "[D]elay in and of itself does not constitute prejudice to the opposing party." Id. Importantly, Cousar failed to proffer any other evidence of prejudice as well.

Lastly, in regard to the personal responsibility of the defaulting party, the Fourth Circuit has not examined "whether and under what circumstances an agent's mishandling of process should be charged to a defendant." Id. at 420. However, under such circumstances, "in the face of [the] time-worn commitment to the resolution of disputes on their merits, and in light of overwhelming evidence supporting 'good cause' to vacate the entry of default under Fed.R.Civ.P. 55(c)," the Fourth Circuit has found it to be an abuse of discretion to deny a motion to set aside entry of default on the basis of this factor alone. Id. M&R alleges its agent mishandled the service of process. However, the court need not decide whether the mishandling should be charged to M&R in this case, given the overwhelming evidence supporting good cause. Similarly, it is unclear who ultimately bears responsibility for the South Carolina Department of Motor Vehicles having an improper mailing address on file for Karanja and for the mishandling of this service of process as well.[1]

---

[1] The Accident Report and Transport Police Citation Report both listed Karanja's address as 2500 Riverwood Lane, Roswell, Georgia 30075. (Pl. Resp. Opp'n Mot. Set Aside Ex. A (Accident Report), ECF No. 13-1; Id. Ex. B (Transport Police Citation Report), ECF No. 13-2.) Presumably, the South Carolina Department of Vehicles relied on these documents in serving Karanja as a nonresident motorist. See S.C. Code Ann. § 15-9-350. However, Karanja actually lives in Apartment D at 2500 Riverwood Lane, and therefore alleges he never received the summons and complaint. (Def. Mot. Set Aside Ex. 1 (Karanja Aff. ¶¶ 2-7), ECF No. 12-2.)

Thus, after applying the factors set forth above, the court sets aside the entry of default and allows the Defendants ten days from the date of this order to file a responsive pleading.

Therefore, it is

**ORDERED** that the Defendants' motion to set aside entry of default, docket number 12, is granted. The court will consider the Defendants' previously filed answer, docket number 8, as a timely filed response to Plaintiff's complaint.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
June 2, 2016